# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ERVIN C. CALDWELL,**
**Claimant Below, Petitioner**

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-347**       (JCN: 2020016417)

**HEALTH TEAM CRITICAL CARE TRANSPORT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ervin C. Caldwell appeals the July 5, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Health Team Critical Care Transport, LLC ("HTCCT") filed a response.[1] Mr. Caldwell filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which closed the claim for temporary total disability ("TTD") benefits and denied authorization for sacroiliac injections and additional physical therapy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 26, 2019, while working for HTCCT, Mr. Caldwell suffered an injury to his low back when he attempted to stop a patient from falling during a transfer. Mr. Caldwell reported that he felt a popping and burning sensation followed by immediate pain. On the same day, Mr. Caldwell was seen in the emergency department at Charleston Area Medical Center. The claim administrator issued an order dated January 7, 2020, holding the claim compensable for lumbar strain.

Mr. Caldwell began treating with James Harman, D.O., a neurosurgeon, on January 8, 2020. Mr. Caldwell reported low back pain radiating down his left leg. Based on his symptoms, Dr. Harman indicated that Mr. Caldwell may be suffering from sacroiliitis. Mr. Caldwell began physical therapy on January 17, 2020.

---

[1] Mr. Caldwell is represented by James D. McQueen, Jr., Esq. HTCCT is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq.

On February 13, 2020, Mr. Caldwell underwent an MRI of the lumbar spine, revealing mild to moderate degenerative disc disease at L5-S1, with a mild central disc bulge. Mr. Caldwell followed up with Dr. Harman on February 14, 2020. Mr. Caldwell indicated that the physical therapy had decreased his pain. Dr. Harman opined that sacroiliitis was the "most likely" diagnosis and requested authorization for sacroiliac injections and additional physical therapy for the treatment of sacroiliitis.[2]

Mr. Caldwell was evaluated by Prasadarao Mukkamala, M.D., on December 1, 2020. Mr. Caldwell reported low back pain radiating down his left leg. Dr. Mukkamala disagreed with Dr. Harman's diagnosis of sacroiliitis and stated that there is no credible medical evidence to diagnose sacroiliitis. Dr. Mukkamala explained that the low back pain could explain the sacroiliac joint symptoms, as the symptoms overlap. Dr. Mukkamala opined that Mr. Caldwell had not reached maximum medical improvement ("MMI") for his compensable injury. On May 4, 2021, Mr. Caldwell was reevaluated by Dr. Mukkamala. Dr. Mukkamala reiterated that he did not believe that sacroiliitis should be a compensable condition in this claim because there was no evidence of sacroiliitis clinically or radiologically. Further, Dr. Mukkamala opined that Mr. Caldwell had reached MMI for lumbar strain, that he could return to work with no restrictions, and that he required no further medical treatment.

On March 15, 2021, the claim administrator issued an order closing the claim for TTD benefits as of March 2, 2021. On May 28, 2021, the claim administrator issued an order, which denied authorization for sacroiliac injections based on Dr. Mukkamala's May 4, 2021, report. On August 18, 2021, the claim administrator issued an order, which denied authorization for additional physical therapy based on Dr. Mukkamala's May 4, 2021, report. Mr. Caldwell protested these orders.

Mr. Caldwell was evaluated by Bruce Guberman, M.D., on December 7, 2022. Mr. Caldwell reported low back pain radiating down his left leg, with numbness and weakness in his left leg. Dr. Guberman diagnosed Mr. Caldwell with post-traumatic sacroiliitis on the left side. Dr. Guberman opined that Mr. Caldwell was not at MMI and recommended a left sacroiliac joint fusion.

On July 5, 2023, the Board issued an order affirming the claim administrator's orders, which closed the claim for TTD benefits and denied authorization for sacroiliac injections and additional physical therapy. Mr. Caldwell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2] Mr. Caldwell alleges that the claim administrator authorized sacroiliac injections twice, and both times the injections were unable to be scheduled due to COVID-19. The alleged orders authorizing sacroiliac injections were not submitted to this Court.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Caldwell's counsel makes several convoluted arguments that are summarized as follows. First, Mr. Caldwell argues that the Board erred in affirming the closure of TTD when Mr. Caldwell was not found to be at MMI for sacroiliitis. Mr. Caldwell also argues that the Board erred by not determining that sacroiliitis is a compensable condition. Further, Mr. Caldwell argues that the fact that prior treatment for sacroiliitis was authorized by the claim administrator and the fact that Dr. Mukkamala referred to sacroiliitis as a compensable condition in his reports establish that sacroiliitis is a compensable condition. Finally, Mr. Caldwell argues that, because sacroiliitis either is or should be found to be a compensable condition, the requested sacroiliac injections and additional physical therapy should be authorized. We disagree.

Here, the Board found that Mr. Caldwell was at MMI for the only compensable condition in this claim, lumbar strain, based on the May 4, 2021, report of Dr. Mukkamala. Thus, the Board affirmed the closure of TTD benefits based on that report. The Board modified the claim administrator's March 15, 2021, order to reflect that the TTD closure date was March 15, 2021. The Board also found that sacroiliac injections and additional physical therapy were not reasonably required and medically necessary for the treatment of the only compensable condition in this claim, lumbar strain. The Board noted that the treatment had been requested for sacroiliitis, which is not a compensable condition in this claim, rather than lumbar strain. Further, the Board found that any prior treatment for sacroiliitis was authorized under West Virginia Code of State Rules § 85-20-21 (2006), which provides;

3

The Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may pay for treatment of a condition which was not caused by the injury only if the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, determines, in its sole discretion, that the unrelated condition is preventing recovery by aggravating the occupational injury.

Upon review, we conclude that the Board was not clearly wrong in determining that Mr. Caldwell was at MMI based on the May 4, 2021, report of Dr. Mukkamala and affirming the closure of TTD benefits based on that report. While the claim administrator appears to have made the initial decision to suspend TTD benefits in this claim based on the December 1, 2020, report from Dr. Mukkamala (in which Mr. Caldwell had not actually been found to be at MMI), that does not change the fact that Mr. Caldwell was re-evaluated by Dr. Mukkamala on May 4, 2021, and found to be at MMI. The claim administrator's order of May 28, 2021, closing the claim for TTD benefits was based on Dr. Mukkamala's May 4, 2021, report. Further, no evidence was submitted to the Board demonstrating that Mr. Caldwell continued to be temporarily and totally disabled after May 15, 2021.

We find that the Board was not clearly wrong in determining that sacroiliac injections and additional physical therapy were not reasonably required and medically necessary for the treatment of the compensable condition in this claim, which is limited to lumbar strain. Further, the Board was not clearly wrong in finding that the evidence established that sacroiliac injections were requested for a non-compensable condition. While Mr. Caldwell argues that the claim administrator previously authorized treatment for sacroiliitis, HTCCT asserts that the treatment was authorized under West Virginia Code of State Rules § 85-20-21. Under § 85-20-21, a claim administrator can authorize treatment for a noncompensable condition if it is preventing the compensable injury from healing. The Board was not clearly wrong in finding that Mr. Caldwell failed to refute that previous treatment for sacroiliitis was authorized under § 85-20-21. Further, we do not find that the claim administrator is required to continue to authorize treatment for a noncompensable condition after the claimant has reached MMI for the compensable injury.

We do not find merit in Mr. Caldwell's argument that "the issue squarely before the Board" was whether sacroiliitis should be a compensable condition in this claim. Compensability of sacroiliitis simply was not the issue before the Board; the issue was authorization of treatment for sacroiliitis, which is not a compensable condition in this claim. We find that the Board was not clearly wrong in determining that the fact that Dr. Mukkamala mistakenly referred to sacroiliitis as a compensable condition is not sufficient evidence that the condition is compensable. Further, there is no evidence indicating that Mr. Caldwell has ever requested that sacroiliitis be added to the claim as a compensable condition.

Accordingly, we affirm the Board's July 5, 2023, order.

4

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr